# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX,       )
                              )
            Petitioner,       )
                              )
v.                            )     Case No. 11-CV-0449-CVE-FHM
                              )
RANDALL G. WORKMAN;           )
JOAN MORGAN,                  )
                              )
            Respondents.      )

## OPINION AND ORDER

On July 20, 2011, Petitioner, a state prisoner in custody at the Oklahoma State Penitentiary ("OSP"), located in McAlester, Oklahoma, filed a *pro se* petition for writ of habeas corpus (Dkt. # 1). He also filed a motion to proceed *in form pauperis* (Dkt. # 2) and a motion for an evidentiary hearing (Dkt. # 3). On the face of his petition, Petitioner invokes both 28 U.S.C. § 2254 and § 2241 as providing authority for his claims. He identifies his challenged conviction as being entered Oklahoma County District Court, Case No. CF-1995-1195. For the reasons discussed below, this Court lacks authority to consider the petition. As a result, the petition shall be dismissed without prejudice to being refiled in the appropriate judicial district.

Based on representations in the motion to proceed *in forma pauperis*, the Court finds Petitioner lacks sufficient funds to prepay the filing fee required to commence this action. Therefore, his motion to proceed *in forma pauperis* shall be granted.

To the extent Petitioner challenges the validity of the identified conviction, his claims arise under 28 U.S.C. § 2254. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). However, Petitioner's conviction was not entered in a county located within this judicial district nor is he presently in custody within this judicial district. See 28 U.S.C. § 2241(d). Oklahoma County,

Oklahoma, is located within the territorial jurisdiction of the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 116(c). Petitioner is in custody in McAlester, Oklahoma, located in Pittsburg County. Pittsburg County is in the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Pursuant to 28 U.S.C. § 2241(d), this Court may not properly consider this petition. The Court finds that the appropriate forum for judicial review of any § 2254 claim challenging the validity of the conviction and sentence entered in Oklahoma County is the United States District Court for the Western District of Oklahoma.

Petitioner states that he has previously sought habeas corpus relief in the United States District Court for the Western District of Oklahoma from his convictions identified in this petition. That previous petition was dismissed as time barred, and the Tenth Circuit Court of Appeals recently denied a certificate of appealability and dismissed his appeal. See Knox v. Workman, No. 11-6042, 2011 WL 2311972 (10th Cir. June 13, 2011). Petitioner is advised that pursuant to 28 U.S.C. § 2244(b), he will be required to request and obtain authorization from the Tenth Circuit Court of Appeals before filing a second or successive habeas corpus petition in the Western District of Oklahoma.

To the extent Petitioner challenges the administration of his sentence by the Oklahoma Department of Corrections, the claims raised in his petition are properly adjudicated under 28 U.S.C. § 2241. Montez, 208 F.3d at 865. A § 2241 habeas corpus petition is properly filed in the judicial district where the petitioner is confined. Id. (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). As stated above, Petitioner is presently confined at OSP, located in McAlester, Oklahoma.

Thus, a § 2241 petition for writ of habeas corpus should be filed in the United States District Court for the Eastern District of Oklahoma. Id.; 28 U.S.C. § 116(b).

Lastly, it appears that some of Petitioner's allegations concern the conditions of his confinement. If Petitioner believes these conditions violate his constitutional rights, his remedy is provided by 42 U.S.C. § 1983. Because Petitioner is incarcerated in Pittsburg County, Oklahoma, venue is improper in this judicial district under 28 U.S.C. §1391(b). Any civil rights complaint filed in this District Court would be subject to being dismissed based on improper venue.

To summarize, Petitioner is not confined in this judicial district nor does he challenge a conviction entered by a state court located in this judicial district. Therefore, the petition for writ of habeas corpus shall be dismissed without prejudice to being refiled in the appropriate judicial district. Petitioner's motion for an evidentiary hearing shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**.

2. Petitioner's petition for a writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** to being refiled in the appropriate judicial district.

3. Petitioner's motion for an evidentiary hearing (Dkt. # 3) is **declared moot**.

**DATED** this 21st day of July, 2011.

                                                                */s/ Claire V. Eagan*
                                                            CLAIRE V. EAGAN, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT